THE CITIZENS' NATIONAL BANK v. ELLIOTT.

1. **Corporation:** PAYMENT OF OFFICER: CONTRACT FOR. An officer of a corporation can recover payment for services rendered as such officer only where there is a special contract therefor. No contract to pay for such services can be implied as against the corporation.

*Appeal from Polk Circuit Court.*

FRIDAY, DECEMBER 10.

ACTION on a promissory note which the defendant had indorsed to the plaintiff. A counter-claim was pleaded. Trial by jury, who were instructed to find for the plaintiff, which they did, and judgment having been rendered on the verdict the defendant appeals.

*Wright, Gatch & Wright,* for appellant.

*Nourse, Kauffman & Jackson,* for appellee.

SEEVERS, J.—I. The first ground upon which a recovery was sought on the counter-claim was stated as follows:

"As an affirmative defense, and by way of counter-claim, defendant says that heretofore, to-wit., in the fall of 1871, he, with Samuel Merrill, bought into a banking firm composed of Samuel Coskery and John W. Ulm, and that this defendant and said three others soon thereafter formed a corporation

known as The Citizens' Bank, of which bank the said Coskery, Ulm, Merrill and this defendant and one other, were the first directors; the said Merrill being chosen as president 'and this defendant as vice-president; that it was agreed and determined between said directors, before the duties of said several offices were entered upon, that this defendant should have and receive for his services as vice-president the yearly salary of two thousand dollars, but whether the action of said board is recorded, defendant has no knowledge or information sufficient to say."

We understand the right to recover is based on a special contract made with the directors of the bank by the defendant, whereby it was agreed the latter should receive two thousand dollars a year for his services as vice-president of the bank. There was no evidence tending to prove such a contract, and, therefore, the jury were properly directed to find for the plaintiff as to the cause of action above stated.

II. The defendant sought to prove what was said or agreed between Merrill, Coskery and Ulm and the defendant, in relation to salaries of the officers before the organization of the corporation, and also what services the defendant performed for the bank from November, 1871, to January, 1872. The evidence was either rejected, struck out, or disregarded, as we think, rightly, so far as the cause of action above stated is concerned, on the ground it was immaterial. The defendant must recover on the counter-claim, if at all, on the stated ground his salary had been fixed or agreed upon by the plaintiff's board of directors. The evidence aforesaid had no tendency to establish any such proposition.

III. The remaining ground on which a recovery was asked on the counter-claim is as follows:

"Further answering, defendant says that in the fall of 1871, he, with others, became the owners of the bank which, about the fall of said year, was organized by said owners and others into a banking corporation known as The Citizens' Bank

1. CORPORATION : payment of officer : contract for.

"That by the vote, and at the request of the owners thereof, defendant became and for a long time acted as and performed the duties of vice-president, rendering valuable and efficient aid thereto, reasonably worth the sum of one thousand dollars.

"That after said bank had been in operation for some time, by action of its owners, it was changed and merged into a national bank; to-wit., the plaintiff; said plaintiff taking all the assets and assuming the liabilities of the old.

"That thereafter, at the request of said new bank and its owners, defendant acted as and performed the duties of vice-president for a considerable period; to-wit., about six months; rendering thereto valuable aid and services reasonably worth the sum of one thousand three hundred and thirty-three dollars, which, together with the above mentioned sum, has never been paid and is now justly due with interest; wherefore, defendant prays judgment against plaintiff, with interest, for the sum of five hundred dollars."

The defendant, under this statement of his cause of action, sought to prove what he did, what his services were worth, and what was said by Merrill and others before the organization of the bank; but such evidence was, in substance, rejected, as we think, rightly, because,

*First.* We understand the rule to be when an officer of a corporation performs the usual and ordinary duties of his office, as defined by the charter or by-laws, he cannot recover compensation therefor unless it has been so specially agreed. He cannot, in such case, recover what the services are reasonably worth. *N. Y. & H. R. R. Co. v. Ketchum*, 27 Conn., 180; *Loan Association v. Stonemety*, 29 Penn. St., 534; *Memck v. The Peru Coal Co.*, 61 Ills., 472; *Cheney v. L. B. & M. R. R. Co.*, 68 Id., 570; *Holder v. Same*, 71 Id., 106; *Kirkpatrick v. Penrose Bridge Co.*, 49 Penn. St., 121.

*Second.* It was immaterial what was said as to salaries before the corporation was organized. The corporation not being then in existence could not be bound by what was said or agreed upon. The fact that the services were performed

after the corporation was organized can make no difference unless there was an agreement by the corporation to pay therefor. The mere performance of services is not sufficient. In addition to the authorities before cited, see *Bliss v. Matteson*, 45 N. Y., 23; *R. R. Co. v. Sage*, 65 Ill., 329; *Hall v. R. R. Co.*, 28 Vt., 406.

*Third:* . It may be conceded for extraordinary services, such as do not pertain to the office, there may be a recovery although it has not been so specially agreed. It would, therefore, follow that proof of the character of the services should have been admitted if there had been such allegation in the pleading filed by the defendant. But the only stated ground of recovery was that the 'services were performed by' the defendant as vice-president. It was not alleged they did not pertain to the office, or that they were extraordinary. The only fair construction of the pleading is that the defendant sought to recover compensation for performing the duties of vice-president of the defendant.

The proposed evidence was, therefore, properly rejected and the jury rightly directed to find for the plaintiff.

AFFIRMED.