CARROTHERS v. THE NEWTON MINERAL SPRING CO. ET AL.

| 61 | 681 |
|----|-----|
| f113 | 617 |

| 61 | 681 |
|----|-----|
| 119 | 600 |

| 61 | 681 |
|----|-----|
| 142 | 735 |

1. **Injunction:** PRACTICE: ONLY ONE MOTION TO DISSOLVE. While under Code, § 3402, only one motion to dissolve an injunction may be made in a case, yet where the circuit judge, who granted the injunction, overruled a motion to dissolve, with leave to renew and present the same to the district court in which the main cause was pending, the renewal of the motion in the district court was not *another* motion, in contemplation of the statute, but the same motion, and the district court could properly entertain the same.

2. ———: ———: DISSOLUTION UPON DENIAL OF PETITION. It is the general rule (with some exceptions) that where the petition contains no allegations of fraud, an injunction will be dissolved upon the filing of an answer denying fully and explicitly the equities alleged in the petition. In this case, such denial is considered to have been made.

3. **Corporation:** ILLEGAL ORGANIZATION: NO DEFENSE. An action begun by a corporation cannot be defeated on the ground that the officers of the corporation were not legally elected. Code, § 1089.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 17.

ACTION IN EQUITY. An injunction was granted which, on motion, was dissolved, and the plaintiff appeals.

*Winslow & Wilson,* for appellant.

*D. Ryan,* for appellees.

SEEVERS, J.—The corporation defendant was organized for the purpose of sinking a well for the discovery of mineral water, and if water was found, the purpose was to erect a hotel. Work was commenced in 1879, at which time the plaintiff alleges he was made business manager of the corporation, and that plaintiff acted in the capacity aforesaid until November, 1881, and that his services were reasonably worth $1,350, in which amount defendant is indebted to the plaintiff.

It is alleged by the plaintiff that mineral water was discovered and a hotel erected, which the plaintiff leased from March, 1882, for five years, and agreed to pay as rent for the first year $800. Two hundred dollars of this amount became due and payable on the first day of June, 1882. To secure the rent so reserved, the plaintiff executed a chattel mortgage upon certain personal property in the hotel. The rent due being unpaid, the defendant was proceeding to foreclose the mortgage by notice and sale, as provided in the statute. To transfer this proceeding into court, and prevent the sale until the rights of the parties could be judicially determined, was the object of the injunction.

The plaintiff claims that he may and can in equity have the amount due him for services set off against the amount due for rent. The plaintiff further alleged that an election of officers for the corporation was held, which was illegal and void. The defendants answered the petition, and filed a motion to dissolve the injunction. This came on to be heard before the judge of the circuit court by whom the injunction was granted. The circuit judge overruled the motion, "with leave to the defendant to renew and present same to the district court in session, upon such evidence and in such form and manner as said district court may order or allow."

The action in which the injunction was granted was pending in the district court, and, at the September term of that court, "the said motion to dissolve the temporary writ of injunction was renewed and submitted to said district court, in open court, upon the same pleadings, affidavits and evidence, and no other, and by consent of parties the same was by the court taken under advisement, to be decided, and the order made to be entered in vacation."

I.   It is said that the action of the district court was irregular and void, because only one motion upon the whole case.

1. INJUNCTION: practice: only one motion to dissolve.   shall be allowed.   Code, § 3402.   But we do not understand. that a new or additional motion was filed in the district court.   The motion before filed was renewed in the district court, because of the leave given by the circuit judge to do so.   The action was pending in the district court, and the circuit judge granted the injunction, which he refused to dissolve, and referred the whole matter to the district court for determination.   We see no objection to this proceeding, and think the district court was vested with the power to determine the merits of the motion. Besides this, no appeal was taken from the order of the circuit judge, and the parties appeared before the district court, argued the motion and consented that the same might be taken under advisement.   If there was any irregularity in the order of the circuit judge, we think it was waived.

II.   There being no allegation of fraud in the petition,

2. ——: ——: dissolution on denial of petition.   the general rule is that an injunction will be dissolved if the equities stated in the petition are fully and explicitly denied in the answer.   To this rule there are some exceptions, *Sinnett v. Moles*, 38 Iowa, 25.   But the only point made by counsel on this branch of the case is, that the allegations of the petition are not fully denied in the answer.   That is, it is said that the allegation that the defendant is indebted to the plaintiff is not so denied. The petition alleges that the plaintiff was appointed general manager of the defendants, and performed the duties of that

position, and that his services were worth $1,350. The answer admits that the plaintiff was chosen business manager of the defendant, but alleges that he never entered upon the duties of his office. The answer denies that plaintiff "performed any duties, except as a member of the board of directors, in the same manner and to the same extent only as performed by other members of the board," and the answer denies that the defendant is indebted to the plaintiff in any sum whatever.

This, it seems to us, is a clear and explicit denial that the plaintiff performed the duties of general manager. For such only, under the allegations of the petition, can he recover. Clearly, he cannot recover for services as a director, even if he could for services as manager. *The Citizens' Nat. Bank v. Elliott,* 55 Iowa, 104.

III. The indebtedness to the defendant under the lease

3. CORPORA-
TION : illegal
organization
no defense.

and chattel mortgage is not denied. On the contrary, it is admitted. The fact that the present board of directors was irregularly elected constitutes no defense to the payment of this indebtedness. The corporation exists, although the officers may have been illegally elected. Code, § 1089.

                                                    AFFIRMED.