6   439
10   199
24*  534
37*  269

ALEXANDER TOPONCE, RESPONDENT, v. CORINNE MILL CANAL AND STOCK COMPANY, APPELLANT.

CORPORATIONS.—COMPENSATION TO OFFICER.—While it is true that a vice-president and director suing the corporation of which he is an officer, for services rendered by him to the corporation, must show that the services for which he claims compensation were clearly outside of his duties as an officer, still it is not necessary that this should appear from the testimony of the plaintiff alone, but from all the testimony in the case.

STATUTE OF LIMITATIONS.—RUNNING ACCOUNT. - Under 2 Comp. Laws, 1888, Sec 3149, providing that "in an action brought to recover a balance due upon a mutual, open, and current account, where there have been reciprocal demands between parties the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side, where it appears from the allegations of the parties that there was an open, mutual and current account between the parties down to the commencement of the action, no part of the account is barred.

CORPORATIONS.—APPEAL.—PROVINCE OF JURY.—Where the jury were fairly and correctly charged upon the whole case, and have found a verdict upon the evidence, while the evidence to sustain the verdict may not be entirely satisfactory, and while a different conclusion might have been reached, yet the jury having found for the plaintiff on part of his claim, and the court below having refused to set the verdict aside, the judgment will not be disturbed upon appeal.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Bennett and Bradley* with *Mr. William H. Dickson* of counsel for the appellant.

*Messrs. Sutherland and Judd* for the respondent.

ANDERSON, J.:

The plaintiff sued the defendant on account on several distinct causes of action, one of which, the third, was for services rendered to the defendant, at its request, as its

general manager, from January 1, 1883, to December 1, 1887, which services are alleged to be reasonably worth $250 per month, and aggregating $14,750. The defendant, by its answer, denied specifically each count or cause of action set forth in the complaint except the fourth. It also set up a counter-claim against the plaintiff, and pleaded the statute of limitations as to all that part of the plaintiff's demand which claimed for moneys paid out and expended, or for services rendered, prior to June 8, 1886. The jury, in addition to the general verdict in favor of the plaintiff, returned a special verdict as to each cause of action sued on. There was a motion by defendant for a new trial, which was overruled; and the appeal is from the order overruling this motion, and from the judgment rendered on the general verdict.

The defendant requested the court to instruct the jury that the burden of proof was upon the plaintiff to establish that the services for which he claimed compensation were clearly outside of his duties as an officer or director of the corporation. This the court refused, except as given in the general charge by the court. It is contended in argument that the equivalent of this instruction was not given, and that the refusal to give the instruction asked, or its equivalent, was error. As a general proposition, the instruction asked was correct. The plaintiff, ordinarily, must show, by a preponderance of the evidence, all the necessary facts to establish his cause of action. But it is not essential that such facts should be shown by the evidence offered by the plaintiff. It is sufficient if they are shown by the evidence introduced in the case, whether by the plaintiff or the defendant. If the facts necessary to establish the plaintiff's cause of action, or any one of them where there are several, appear from the evidence introduced, it is sufficient. Hence, it is not necessarily error for the court to fail, or even refuse to give when asked, such an instruction as the one requested in this case. But the jury should be instructed in all cases that the facts necessary to entitle a party to recover on his cause of action or counter-claim should appear from the evidence introduced, by a preponderance thereof. This, we think,

was done in this case. The jury was told that "if a director or president or secretary of an incorporated company expects a salary, or expects compensation for his services * * * as such officer, he must show an express authority, or an express contract, for the wages he claims, either by a vote of the board of directors, or by some express contract entered into between him and the company." Again, the jury were told that: "You must find, before the plaintiff can recover upon this cause of action, in the first place, that the services that were rendered were clearly outside of his duties as vice-president and director, and that they were rendered under such circumstances as raises an implied promise to pay for the services on the part of the company; and, unless that is shown, he cannot recover for any services rendered to the company under this cause of action." Further on, in its instructions to the jury, the court, referring to another cause of action, said: "You must find upon all these causes of action; this one as well as every other. It is the duty of the plaintiff to establish by a preponderance of evidence what the services or expenditures were. He must show them definitely and specifically." The court further said to the jury: "You are the sole judges of the facts in this case, and of the credibility of all the witnesses, and the weight of the testimony." We think the foregoing extracts from the instructions given by the court are the equivalent of that requested by the defendant, and that there was no error in the court not giving the instruction asked in the terms requested.

The defendant requested the court to instruct the jury that the plaintiff could not recover for any sums of money paid, laid out, or expended by him for the defendant prior to June 5, 1886, nor for any services rendered by him for the defendant prior to said date, because they were barred by paragraph 1, sec. 196, Code Civil Proc., which instruction was refused by the court; and the refusal is claimed as error. The section of the statute as to the time within which actions may be begun is as follows: "Sec. 196. Within two years: (1) An action upon a contract, obligation, or liability not founded upon an instrument of writ-

ing, also upon an open account for goods, wares and merchandise, and for any article charged in a store account: Provided, That action in said cases may be commenced at any time within two years after the last charge is made, or the last payment is received." This action was begun June 9, 1888. The account of plaintiff for money paid and expended, and the services rendered by plaintiff for the defendent as its general manager, began January 1, 1883, and continued without interruption until about December, 1887. The defendant denied, in its answer, there was due plaintiff for money expended for its use in or about its business, or otherwise, "any sum in excess of the credits allowed plaintiff on plaintiff's open, running account with defendant, hereinafter alleged as a counterclaim." The answer of defendant alleged four different causes of action as counter-claims against the plaintiff, arising out of the transactions between them, being for money received by plaintiff on sales of defendant's live stock, for pasturage of plaintiff's cattle on defendant's range, and for a "balance upon an account for money loaned, paid out, and expended to and for plaintiff, and for goods and materials furnished to him, and for divers and sundry other items and matters of charge, all on open, running account, and at plaintiff's request, between January 27, 1883, and June 10, 1888, amounting in all to about $30,000." The jury found specially the sum of $2,658.82 due the defendant from plaintiff on its counter-claim, "upon open account," which was deducted from the amount found due the plaintiff; and the verdict was for the remainder. Section 3149, Comp. Laws 1888, provides that, "in an action brought to recover a balance due upon a mutual, open and current account, where there have been reciprocal demands between parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side." According to the allegations of the parties, there was "a mutual, open, and current account," and "reciprocal demands," between them, from January 1, 1883, down to the commencement of the action; and the instruction asked by defendant's counsel was properly refused.

.It is contended that the evidence was insufficient to justify the verdict and judgment. The evidence was all contained in the record, and is too voluminous to be reviewed here at length. It shows that the plaintiff and one Kerr owned substantially, all the stock. Kerr was made a director and president of the company, while the plaintiff was made a director and vice-president. The other directors had each but a small quantity of stock—just enough to enable them to be made directors. The plaintiff, without having having been formally appointed manager of the defendant's business, assumed the duties of manager, with the knowledge and acquiescence of the directors, and controlled its operations and superintended its affairs from January, 1883, to December, 1887, with the exception of a large number of sheep which were kept in Wyoming, and which were under the care of Kerr, who made no charge for his services. The business of the defendant, in its articles of incorporation, consisted of "a general ranching, milling, canal, and live-stock business. · It was to take up, appropriate, use and sell water, water rights, water appropriations and powers; to buy, construct, operate, use, and sell water flumes, ditches and other water;    *    *    *    to buy, improve, add water privileges to, and sell agricultural and other lands;    *    *    *    to buy. manufacture, and sell flour, lumber, merchandise, agricultural products and live-stock; to construct, buy, operate and sell mills, mines, ranches, manufactories, water,    *    *    *    canals, ditches and real estate connected therewith," etc. It had a mill, ranch and some live-stock near Corinne, Utah, and a number of claims on the public lands, mostly desert entries, and large herds of sheep in Wyoming, and pastured horses and cattle belonging to others on its ranches. The plaintiff made all contracts for the company; bought and sold land and live-stock; had charge of all horses and cattle delivered at the ranch; looked after the litigation in which the defendant was frequently engaged; and, in the language of the plaintiff when testifying, his duties as manager consisted of "tending to the business of the company, chasing fellows off the land, trying to guard the land, tending the stock on the ranch, digging ditches, superin-

tending putting up fences, all contracts, and so forth." · The court instructed the jury, in substance, that, the evidence having shown· that the plaintiff was a director and officer of the defendant, he could not recover for services rendered for the defendant as such director or officer unless there was an express contract between him and the defendant providing compensation for such services; that, if the plaintiff rendered services clearly outside of his duties as an officer and director of the corporation, the law would imply a promise on the part of the company to pay him the reasonable value thereof, unless the circumstances under which the services were rendered negatived the presumption that he was to receive compensation for the same; that if it was not the intention of plaintiff to charge for such services while they were being rendered, or if it was the understanding of those engaged with him in the enterprise that the services he was rendering were simply as an incorporator, and without any expectation of compensation on his part other than would result from the success of the enterprise, and he was aware of such understanding on their part, then he could not recover therefor, even if he had a secret intention of claiming compensation for the same; and that in determining these questions the jury should take into consideration all the circumstances of the case, the course of business of the defendant— whether it was the custom of the defendant to conduct its affairs by the incorporators, who should not receive payment for their services; whether plaintiff ever presented any claim to the company for the services, and other like considerations, and that, if his claim for compensation was an after-thought, then he could not recover for the same, although they were rendered outside of his duties as a director and officer, and were valuable to the defendant. The law as given to the jury on this point is conceded by defendant's counsel to be correct, and is abundantly supported by the authorities. Ang. & A. Corp. Sec. 317; *Henry* v. *Railroad Co.,* 27 Vt., 435; *Grundy* v. *Coal Co.,* 23 Amer. & Eng. Corp. Cas., 612, 617, note, 9 S. W. Rep. 414; *Shackelford* v. *Railroad Co.,* 37 Miss., 202; *Association* v. *Meredith,* 49 Md., 389, 400; *Cheeney* v. *Railroad*

*Co.,* 68 Ill., 570; *Railroad Co.* v. *Cheeney,* 87 Ill., 446; *Bank* v. *Elliott,* 55 Iowa, 104, 7 N. W. Rep. 470; *Hall* v. *Railroad Co.,* 28 Vt., 408. It was the peculiar province of the jury, under proper instructions from the court as to the law governing plaintiff's right to recover for the services claimed to have been rendered, to determine from the evidence whether or not he was entitled to compensation therefor. The jury found the issue in plaintiffs favor. Plaintiff claimed $250 per month from January 1, 1883, to December 1, 1887, amounting to $14,750. The jury allowed him $8,850, and $688.40 interest, amounting to $9,538.40. While the evidence to sustain this verdict is not entirely satisfactory, and while, if submitted to this court originally, on the printed testimony, a different conclusion might possibly be reached, yet, the jury having found for the plaintiff on part of his claim, and the judge who heard the case in the court below having refused to set the verdict aside, we do not think it is so far unsupported by the evidence as to justify this court in doing so. The judgment of the court below is therefore affirmed.

ZANE, C. J., and BLACKBURN, J., concurred.