JOHN J. NEY, Appellant, v. EASTERN IOWA TELEPHONE COM-
PANY, Appellee.

**APPEAL AND ERROR:** Law of the Case—Subsequent Trial.  The
1   rule that whatever was decided on the prior appeal is the law
of the case on the subsequent trial, in no way affects matters
first put in issue subsequent to the remand.

**CORPORATIONS:** Employment of Attorney—Ratification of Whole of Stipulation by Ratifying Part. Where a number of the stockholders of the corporation entered into a stipulation under which a certain person was to be elected a director of the company, and a suit then pending was to be prosecuted to a termination, and the employment of an attorney therein was to continue, the action of the stockholders of the company, at a meeting held thereafter, in accepting part of the stipulation by electing said director, held to have ratified the entire stipulation, and constituted a ratification of the employment of said attorney, and supplied any want of original authority in his employment.

**CORPORATIONS:** Employment of Attorney—Ratification by Making Expenditures in Suit. After the board of directors knew that an attorney was rendering services in a suit purported to be brought for the company, said board authorized a director to investigate and pay for services of a stenographer furnished in said suit, and payment was made by the directors to said stenographer. *Held* to make a question for the jury, in suit by attorney to recover against company for services, as to whether his employment had been ratified.

**CORPORATIONS:** Employment of Attorney—Notice to Discontinue Appeal as Admission of Authority to Act. The serving of notice on an attorney to discontinue an appeal perfected by him in action purporting to be brought for the company held to make a question for the jury, in suit by attorney to recover against the company for services, as to whether it was an admission that he had authority to act.

**APPEAL AND ERROR:** Reversal—Proceedings after Reversal. A reversal for directing a verdict decides only that appellant has at least a case for the jury, and does not decide that either party has or has not a case, as a matter of law.

**CORPORATIONS:** Employment of Attorney—Knowledge of Directors of Rendition of Services as a Ratification. While a corporation cannot be bound by the individual knowledge or action of its board of directors, yet the failure of such board to take any action disavowing the services of an attorney, in a suit purporting to be brought for the company or attempting to stop such litigation, when the board knew for a long time that he was serving as counsel in said suit, presents a jury question, in suit brought against the company for his services, as to whether his services were accepted and his employment ratified.

**CORPORATIONS:** Employment of Attorney—Records—Evidence.
7  Employment of attorney can be shown to have been authorized
by the board of directors, by evidence other than a recorded
resolution of said board.

**CORPORATIONS:** Proceedings of Directors—Special Meetings—No-
8· tice.  Proceedings of the board of directors at a special meet-
ing, of which notice has been given, are valid if all the mem-
bers are present; and, when he has once appeared, the departure
of one of the members, who was one of the defendants in the
suit in which it was proposed to employ counsel, would not af-
fect the validity of the action of the other members in em-
ploying such counsel.

*Appeal from Johnson District Court.*—R. P. HOWELL,
Judge.

MARCH 11, 1919.

THIS is the second appearance of this cause in this
court.  See 162 Iowa 525.  In both trials the defendant
claimed that it never employed the plaintiff, and that no
employment by the president of its board of directors was
authorized.  On the first trial, these and other contentions
were eliminated; and the court held, as matter of law, that
there had been a binding employment, and that the only
question for the jury was the amount due for the services.
On the second trial, the court directed a verdict against
the plaintiff, and thereby held that, as matter of law, de-
fendant had never employed the plaintiff, and had not
ratified his employment in any way.  Plaintiff appeals from
this direction of a verdict against him.—*Reversed and re-
manded.*

*C. S. Ranck* and *Stephen Bradley,* for appellant.

*Milton Remley,* for appellee.

SALINGER, J.—I.  Whatever was decided on the first
appeal is the law of this case.  And the appellant urges that
the pending appeal presents nothing that was not settled by

1. APPEAL AND ERROR: law of the case: subsequent trial.

the first appeal. Now this cannot be true as to any matter which was first put in issue subsequent to remand. Some estoppels now relied on by plaintiff were not pleaded until then. Their history is this: A quo warranto suit was brought, to which the defendant was not a party. It involved a controversy between those who were parties as to which

2. CORPORATIONS: employment of attorney: ratification of whole of stipulation by ratifying part.

of two sets of men had been elected director. In settlement of this suit, a stipulation was entered into. We will assume, for the sake of argument, the first decision settles that the mere *creation* of this stipulation did not operate as ratification or work an estoppel as to the defendant, because it was found to be fairly questionable whether a sufficient number of stockholders had joined in the stipulation. Whether they did or not is immaterial on this appeal, because the estoppel now relied upon does not stop with the mere making of the stipulation, but rests upon alleged action at the next ensuing stockholders' meeting, upon and in pursuance of said stipulation. It has a provision by which it was, under certain conditions, obligatory to elect one Rapp to be a director. The conditions arose. But in the absence of this stipulation, there was no obligation to elect Rapp. The stockholders did elect him, and thereby accepted the stipulation. By this acceptance, the corporation obtained whatever benefit it was to have Rapp serve as director, and, by accepting the election, Rapp was put to whatever burden it was for him to serve. The governing body of the corporation, the duly convened assembly of its stockholders, cannot so accept part of the stipulation and still leave it open for the corporation to say that the stipulation was not binding upon it. The stockholders' meeting knew, or should have known, what the stipulation upon which it acted contained. Therefore, by accepting part of it, it ratified all. Among other things,

the stipulation contained an express provision that the suit for an accounting brought in the name of the defendant, and upon services in which the claim of the plaintiff rests, should be continued to a termination, and that plaintiff should continue to be the attorney for the plaintiff therein, this defendant. This action of the stockholders' meeting in itself constituted a ratification of the employment of plaintiff in said suit, and supplied any want of original authority.

### 1-a

Let the employment have been originally never so unauthorized. Let nothing else serve to establish a ratification, and yet another matter, at least, made a fair question for the jury. There is evidence that, after Rapp was elected, and after the board knew that plaintiff was rendering services, Rapp was authorized to pay for services of stenographers furnished in the very suit in which plaintiff was acting, in a suit purporting to be brought by this defendant. The jury could find there was no objection to paying the stenographers, beyond desiring it investigated whether $40 had not already been paid upon the services. It could find Rapp was authorized to investigate what, if anything, had already been paid, and, after such investigation, to pay what he found had not yet been paid. It is without dispute that he did pay the money of the defendant for those services. We are not saying the jury could not have found that all this was an attempt to buy peace, rather than an acknowledgment that the employment of plaintiff was authorized. We have no occasion to pass on this point at this time, but are abidingly satisfied the jury could find that the direction for Rapp to investigate and pay, and the payment by him, sustained the new plea of estoppel made. See *Woods v. Honey Creek D. & L. Dist.,*

3. CORPORATIONS: employment of attorney: ratification by making expenditures in suit.

180 Iowa. 159, and cases therein cited; and *Athearn v. Independent Dist.*, 33 Iowa 105.

### 1-b

In the same case is a notice served on plaintiff to discontinue an appeal perfected by him. To be sure, this too might have been prompted by a desire to minimize trouble.

4. CORPORATIONS: employment of attorney: notice to discontinue appeal as admission of authority to act.

It may be that, after long silence, it was thought to be more advisable to stop expenditures on the appeal which, by possibility, the district might have to pay for, rather than to remain silent, and rely on the claim that, no matter what expenditures were made, the corporation owed nothing for them, because plaintiff had no right to act for it. But all that was done and was not done raises a question for a jury. And it was a fair jury argument that, if defendant believed it was under no liability for any expenditures because plaintiff had no authority to act, it was unnatural for it to give him formal notice not to act further. This is not saying that one who notifies an attorney to stop proceedings thereby ratifies his employment, on the theory that, where one claims the lawyer has no authority to act, it cannot matter to him how much he does or what expenditures he makes. But reasonable men might act differently in this. While some would rely upon their right to disavow all expenditures because of the want of authority, others might be impelled to at once notify a trespasser to desist. It suffices to say that all these lines of argument fairly make a jury question upon whether what was done and not done is an admission that plaintiff had authority to act.

Without further limitation, some things we have just said would be holding that certain matters constitute a ratification or work an estoppel, as matter of law. There

was no way of disposing of some of the

5. **APPEAL AND ERROR: reversal: proceedings after reversal.** points without using language susceptible to that construction. But in view of what this appeal presents for our decision, all that we do or can *decide* is that the district court erred in holding that, as matter of law, said matters did not constitute a ratification or an estoppel. We say this be cause it is necessary to keep it and the underlying reasons for saying it in mind, when passing upon what the first appeal has *decided*. If, on appeal from the *overruling* of a motion to direct verdict as to a given issue, there is a reversal, it is a holding that, as matter of law, such issue was proved or disproved. But where the appeal is from *directing* a verdict,—and, in effect, that is the situation presented in both the first and in this appeal,—then reversal *decides* nothing except that it was error to hold below that there was no question for a jury. Reversal for directing a verdict does not decide whether either party has or has not a case, as matter of law, and decides nothing save that the appellant has at least a case for a jury. *Winnike v. Heyman,* 185 Iowa 114. So we are now deciding, not alone that the decision on the first appeal cannot affect issues raised subsequent to remand, but that, though a matter was passed upon on the first appeal, if that was an appeal from the directing of a verdict against defendant, the decision was nothing more than that the plaintiff had not made a case as matter of law. Keeping this in mind, we are constrained to say plaintiff has the right to go to a jury on matters additional to those we have referred to. A careful analysis of the decision on the first appeal will make clear what these matters are. We shall stop in this opinion with pointing out such as we think are of outstanding importance.

II. While the corporation cannot be bound by the individual knowledge, action, or nonaction of members of its

board of directors, evidence that the board knew, for a long

time, plaintiff was serving and continuing

6. CORPORATIONS: to serve, and yet failed to take any action
employment of
attorney: knowl- disavowing the services or attempting to
edge of di-
rectors of ren- stop the litigation, will make it at least a
dition of ser-
vices as a ratifi- question for a jury whether the services
cation.

were accepted, and so the employment rati-
fied. In reaching this and other conclusions, we consider
testimony which was rejected, but should have been re-
ceived. See *Campbell v. Park,* 128 Iowa 181.

### 2-a

While it was found on the first appeal that plaintiff
had no competent evidence that his employment was au-
thorized by a formal and duly recorded resolution of the

7. CORPORATIONS: board, made in advance of his employment,
employment of
attorney: rec- and while we think he has still failed to
ords: evidence.
adduce such evidence, we are of opinion
that the testimony offered by him tending to show that the
board did, in fact, give advance authority for his employ-
ment, should have been received. It is one thing to shut
out a resolution because it is not competently proved; it
is another to hold that one who renders services for a cor-
poration must be held, as matter of law, to have acted with-
out authority, because he cannot produce a proper record
book showing a resolution employing him. If that were the
rule, corporations could escape all liability for services re-
quested by the board by merely failing to make a record of
a resolution. That is not the law. *Selley v. American L.
Co.,* 119 Iowa 591; *Zalesky v. Home Ins. Co.,* 102 Iowa 613;
*Athearn v. Independent Dist.,* 33 Iowa 105; *Bellmeyer v. In-
dependent Dist.,* 44 Iowa 564.

We hold that, with testimony erroneously excluded re-
ceived, it was, at the least, a jury question whether or not
plaintiff had been duly employed by the board to do what he

did. We do not overlook the claim that the
meetings upon the action of which the plain-
tiff relies were special ones, and that the
members were not notified of the meeting.
It appears that four of the five members were present. The
jury could find that the fifth one was present, and took his
departure when the matter of employing counsel was taken
up. Of course, failure to give notice was not material, if
all the members appeared without it. And, once appear-
ing, the departure of one who was to be the defendant in
the very suit for which it was proposed to employ counsel
could not nullify the action of the four who remained.
And it is, to say the least, a serious question whether, if a
majority be present, its action is ever invalidated because
there was failure to give notice of the meeting to one who,
if notified and present, would be sure to be opposed to any
action of the majority because such action might be inju-
rious to him personally. See *Rafferty v. Town Council of
Clermont,* 180 Iowa 1391.

III. We think that, at the least, it was a fair question
for the jury whether the manager, Luse, employed plain-
tiff, or with knowledge acquiesced in his services, and wheth-
er said manager was acting within his authority as man-
ager, in such employment or acquiescence. This might
make it immaterial that employment or ratification by the
president did not bind the corporation.

IV. The defense that plaintiff should not recover be-
cause he acted in bad faith, was for the jury.

V. We think any claim for the services in the quo
warranto suit is out of this case: not because of anything
decided on the first appeal, but because there is a con-
cession in the record that plaintiff is making no claim for
those services.

8. CORPORATIONS;
proceedings of
directors: spe-
cial meetings:
notice.

For the reasons stated, there must be a reversal.—
*Reversed and remanded.*

LADD, C. J., EVANS and PRESTON, JJ., concur.