Joyce E. BRINTNALL, Appellee,

v.

PROFESSIONAL INVESTORS OF IOWA, INC., Defendant,

Micro-Technology, Inc., Garnishee,

Verdon L. Farmer, Appellant.

No. 55926.

Supreme Court of Iowa.

May 22, 1974.

Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellant.

Lundy, Butler, Wilson & Hall, Eldora, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

LeGRAND, Justice.

The active parties to this appeal are Joyce E. Brintnall as plaintiff and Verdon L. Farmer as intervenor, each of whom claims the right to $3,500.00 interest due Professional Investors of Iowa, Inc. (defendant) from Micro-Technology, Inc. (garnishee) on a promissory note between those two parties. Trial to the court resulted in judgment for plaintiff and the intervenor appeals. We affirm the trial court.

The financial background of this dispute is important in understanding the circumstances under which the controversy arose. In 1969 Professional Investors of Iowa, Inc. was indebted to Verdon L. Farmer in the amount of $150,000.00 upon three promissory notes, each in the principal amount of $50,000.00. In 1970, Professional Investors of Iowa, Inc. lent Micro-Technology, Inc. $50,000.00 on its promissory note in that amount.

Sometime earlier plaintiff had obtained judgment against Professional Investors of Iowa, Inc. on two items of indebtedness, one for $54,163.20 and the other for $115,584.74. Attempting to obtain partial satisfaction of this indebtedness, plaintiff levied execution on Micro-Technology, Inc. as garnishee, alleging that corporation was indebted to Professional Investors of Iowa, Inc. on the promissory note above described in the amount of $50,000.00 and claiming any amount due from Micro-Technology to Professional Investors should be credited on plaintiff's judgment against the latter.

Intervenor Farmer claims he should have whatever is due from Micro-Technology because the note evidencing such indebtedness was assigned to him by Professional Investors of Iowa, Inc.

At the time of the levy the only amount due from the garnishee to Professional Investors of Iowa, Inc. was interest amounting to $3,500.00. Micro-Technology, Inc. paid that sum into court to await resolution of the conflicting claims, one based on an alleged assignment and the other on a garnishment. The purpose of this appeal is to decide that question.

The intervenor claims Professional Investors of Iowa, Inc., after being authorized to do so by regular action of its board of directors, assigned the Micro-Technology, Inc. note to him. This assignment is denied in the pleadings. The secretary of the corporation was produced to testify to the action taken by the board of directors with reference to this matter. Timely objection was made on the ground, among others, that such testimony was not the best evidence.

In support of his testimony, two exhibits were offered. One was a letter from the secretary of defendant corporation to intervenor stating the assignment had been authorized. The other was a copy of the assignment. Both these exhibits were also objected to on the ground they were not the best evidence. Ruling on the offers was reserved, although the trial judge pointed out he felt the objection had merit. In his findings of fact filed later, the trial judge ruled out these exhibits and found there was no competent testimony to prove assignment of the note to Farmer. Judgment was entered in favor of plaintiff for this failure of proof.

■ As a general principle, it is said the best evidence of which the case in its nature is susceptible and which is within the power of the party to produce must always be adduced. We recently discussed and approved this rule in United States Homes, Inc. v. Yates, 174 N.W.2d 402, 403, 404 (Iowa 1970). What is the best evidence in a given situation is to be determined by the trial court in the exercise of sound judicial discretion. We cannot say that discretion was abused here.

■ Under the record before us, the issue arises in a two-step manner. First, the intervenor attempted to show corporate authorization to assign the note by the testimony of the secretary together with a letter from him to intervenor purporting to set out the resolution adopted by the board of directors. This should have been done by producing the corporate minutes. Sel-

ley v. American Lubricator Co., 119 Iowa 591, 596, 93 N.W. 590, 591 (1903); 9 Fletcher Cyclopedia of the Law of Private Corporations § 4633, page 550 (Rev. ed. 1964); Annot. 48 A.L.R.2d 1259, 1260 (1956); 29 Am.Jur.2d Evidence §§ 478, 479, pages 535–538 (1967).

■ There are notable exceptions to this rule. A corporation may not defeat legitimate claims against it by the simple device of failing to record its doings. Selley v. American Lubricator Co., supra; Ney v. Eastern Iowa Telephone Co., 185 Iowa 610, 617, 171 N.W. 26, 28 (1919); 29 Am.Jur.2d Evidence, supra.

Another exception obtains upon a showing the corporate records, although kept, are unavailable for reasons the trial court deems satisfactory in the exercise of sound judicial discretion. 9 Fletcher Cyclopedia of the Law of Private Corporations, supra; 29 Am.Jur.2d Evidence, supra.

In the present case, however, no effort was made to excuse failure to produce the corporate records. They were apparently readily available and the trial court properly excluded the offer of secondary evidence of the action of the board of directors.

■ The second evidentiary problem is even more important. It deals with the assignment itself. The action of the board of directors, even if proven, would have established only the authority to make an assignment of the Micro-Technology, Inc. note to intervenor. The vital question is whether that assignment was actually completed.

Again intervenor sought to make his proof by secondary evidence instead of producing the assignment and again he met the same best evidence objection made earlier. Once more the trial court excluded the evidence. We find no abuse of discretion in this ruling.

■ The general rule demands the production of original documents unless

their absence is satisfactorily explained. Whether such a showing has been made is to be determined by the trial court in the exercise of its judicial discretion. Barron v. Pigman, 250 Iowa 968, 973, 95 N.W.2d 726, 729, 730 (1959); Fisher & Ball v. Carter, 178 Iowa 636, 642, 160 N.W. 15, 17 (1916); McCormick, Law of Evidence, § 195, page 408 (1954); 2 Jones on Evidence, § 7.1, page 84 (6th ed., Gard).

■ No evidence excusing failure to produce the original assignment appears. The record shows the assignment relied on was in the hands of a California bank for security purposes. However, a showing that evidence is beyond the process of the court does not alone demonstrate it could not be produced at trial. It must be shown a diligent effort to obtain the original proved unavailing. 2 Jones on Evidence, supra, § 7.18, page 125; Fisher & Ball v. Carter, supra, 178 Iowa at 641, 642, 160 N.W. at 17; Noble v. United Benefit Co., 230 Iowa 471, 483, 297 N.W. 881, 887 (1941); 29 Am.Jur.2d Evidence §§ 465, 466, pages 524, 525 (1967). But see Worez v. Des Moines City Railway Co., 175 Iowa 1, 7, 8, 156 N.W. 867, 869 (1916).

Since we conclude the trial court properly rejected the evidence by which the intervenor sought to show the assignment upon which his claim rests, it follows we must affirm the judgment in favor of plaintiff.

What we have already said makes it unnecessary to rule on intervenor's other complaint challenging the finding that an assignment of the note, even if proven, would not carry with it the right to interest due on the note. We do not reach that matter.

The judgment is affirmed.

Affirmed.