ATHEARN v. INDEPENDENT DISTRICT OF MILLERSBURG.

1. **School district: CORPORATION: EVIDENCE: OMISSION OF ENTRIES.** The omission of the officers of a school district to make a contract, entered into by its directors and a third party, a matter of record on its books, constitutes no defense in an action against the district on such contract; and evidence of such omission is, therefore, inadmissible against the plaintiff.

2. —— MISNOMER OF CORPORATION. Nor would the misnomer of the district in the contract, or a variance from its true name and style, operate to defeat the contract, if it appear that the corporation was intended to be described in and bound by the instrument.

3. —— AUTHORITY OF SUBDIRECTORS TO CONTRACT. The subdirectors of a district township are authorized to employ teachers and to enter into a contract for that purpose, which, when approved by the president and secretary, is binding on the district. And this rule is applicable, also, to the directors of independent districts.

4. —— Nor would the case be changed, it seems, by the fact that the directors and officers executed and approved the contract individually, or, while not acting as a *board*.

5. —— RATIFICATION BY CORPORATION: ESTOPPEL. But even if the contract were in such case executed without authority, its subsequent ratification by the district in partly performing the contract, accepting its benefits, and the like, would estop it from denying its validity.

*Appeal from Iowa Circuit Court.*

MONDAY, DECEMBER 18.

ACTION upon a contract under which plaintiff was employed to teach a school. Having taught part of the term for which he was employed, he was discharged without cause, and this action is brought to recover damage for this breach of the contract. The instrument sued on is signed by the directors of defendant, and approved by its president and secretary, by a writing indorsed thereon and signed by them. The defendant is described in the contract by the name, "Independent District, Township of Millersburg." The plaintiff was paid by defendant for the time he actually taught under the contract. These facts are averred in the petition and sustained by the evidence, all of which is embodied in the record. The answer denies the execution of the contract by defendant, or that it was executed under proper authority, and avers that the persons signing it had no authority to execute the instrument on behalf of defendant, and that they signed it without being legally assembled and constituted as a *board* of directors of defendant. Upon the trial it was proved that the persons signing the instrument and the approval indorsed thereon, in behalf of defendant, were the acting officers of the defendant, that they signed their names separately and severally to the paper, and that under the contract a school was taught by plaintiff for a part of the time stipulated, for which plaintiff was paid by an order signed by the secretary and drawn upon the treasurer and by him paid.

Defendant offered to prove, both by the records of defendant and the oral testimony of one or more of the officers of the district, that there was no record of any action of the board of directors authorizing the execution of the contract by the directors, or ratifying it after it was

executed, that there was no meeting of the board of directors at the time the contract was executed, and that the contract was, in fact, separately signed by the several officers of defendant, at their places of business or in the street, and was not done as an act of the *Board of Directors.* This evidence was not permitted by the court to be given to the jury.

The court instructed the jury substantially, that the contract, if executed by the directors, and filed with the secretary, and approved by the president, bound the defendant.

There was a verdict and judgment for plaintiff. Defendant appeals.

*Clark & Haddock* for the appellant.

*Martin & Murphy* for the appellee.

BECK, J. — I. The exclusion of the evidence offered by defendant, and the instruction given the jury, are made the foundation of the assignment of errors. There are really but three questions presented in the case. 1. Does the misnomer of defendant in the contract defeat it? 2. Would the facts offered to be shown by the excluded evidence, *i. e.*, that the contract was not executed by the officers of defendant *as a board*, but individually, and that there was no action by the directors recorded in the books of defendant, authorizing or ratifying the instrument, avoid it? 3. Were the acts of defendant, in permitting plaintiff to enter upon the performance of the contract, and in paying him for the services he rendered under it, a sufficient ratification, whereby defendant will be bound by the instrument?

It will be readily seen, that if the contract under the law is binding upon or was ratified by defendant, though executed by the officers individually and separately, and not as

*[margin note: 1. SCHOOL DISTRICT: corporation; evidence: omission of entries.]*

a board, the evidence offered was properly excluded. It will also be admitted that the fact of the non-existence of a record of the transaction, in defendant's books, is no defense to the action. The books were in charge of defendant's officers, and plaintiff ought not to be prejudiced by their omission to make proper entries of the contract. Evidence of these matters, offered by defendant, was, therefore, correctly excluded.

II. The misnomer of defendant in the contract does not operate to avoid it. A variance from the true style of a

2. —— misnomer of corporation. corporation will not have the effect to defeat its contract, if it appears that the corporation was intended to be described in and bound by the instrument. This is a well-settled rule. *Birks & Dauphin T. Co.* v. *Myers*, 6 S. & R. 12 ; *Melford & Chillicothe T. Co.* v. *Brush*, 10 Ohio, 111 ; *Midway Cotton Manufactory* v. *Adams*, 10 Mass. 360 ; *Hoboken Building Association* v. *Martin*, 2 Beasley, 427 ; Angell & Ames on Corporations, § 234, and authorities there cited.

III. Teachers are employed by the sub-directors of the district township who are authorized to enter into contracts

3. —— authority of sub-directors to contract. for that purpose, which are approved by the president and reported to the board of directors. Acts 9th Gen. Ass., ch. 172, § 48. This section explicitly provides that the district shall be bound by such contracts. The sub-directors constitute the board of directors of the district township. Id., § 18.

The Independent District has a board of directors, a president and secretary (sec. 86), and is "governed by the laws enacted for the regulation of district townships so far as the same may be applicable." Section 89. It very clearly appears that the laws governing the powers and duties of sub-directors are applicable to the directors of Independent Districts, and that acts which would be lawful, if done by the first-named officers, must be sustained

when done by the second. They are clothed with like powers and perform like duties. The contract in question, if executed by the directors while not acting in the capacity of a *board*, is binding upon defendant.

IV. But if we concede that the contract was executed without authority upon the part of defendant's officers, it has, nevertheless, been ratified by defendant, and, thereby, became a binding instrument. Corporations may ratify contracts made without their authority, and thus become bound thereby, like natural persons; the same rule of law being applicable to each. This is a doctrine so familiar, that the citation of any of the numerous authorities supporting it is unnecessary.

5. —— ratification by corporation: estoppel.

Performance of a contract, permission to the party with whom the corporation contracts to perform, the acceptance of the performance or of the fruits of the performance by the corporation, acquiescence in the contract, payment to the other party and the like, all operate as acts of ratification. *Peterson* v. *Mayor, etc.*, 17 N. Y. 449; *Fister* v. *LaRue*, 15 Barb. 323; *Howe* v. *Keeler*, 27 Conn. 538; *Ridgeway* v. *Farmers' Bank*, 12 Serg. & R. 256; *Woodbridge* v. *Proprietors of Addison*, 6 Vt. 204; *Hoyt* v. *Thompson*, 19 N. Y. 207; *Walworth Co. Bank* v. *Farmers' Loan & Trust Co.*, 16 Wis. 629; *Episcopal Society* v. *Episcopal Church*, 1 Pick. 372; *Randall* v. *Van Vechten*, 19 Johns. 60; *Midomak Bank* v. *Curtis*, 24 Me. 36; *Edwards* v. *Grand Junction R. Co.*, 1 Mylne & Craig, 650; *Mayor of Baltimore* v. *Boulden, et. al.*, 23 Md. 328; Angell & Ames on Corporation, § 304, and authorities cited.

The facts of the case bring it within the foregoing rules and compel us to hold, that defendant's acts in permitting plaintiff to perform, partly, his contract, and in paying him for his services rendered under the contract, as well as the acquiescence of defendant's board of directors in the contract, with knowledge thereof, and failure to dissent

thereto, amount to a ratification whereby defendant became bound upon the contract.

In our opinion the rulings of the circuit court objected to are correct; the judgment appealed from is, therefore,

Affirmed.