## COOK v. IND. SCHOOL DIST. OF NORTH McGREGOR.

I. Per COLE, J.; MILLER, CH. J., and DAY, J., CONCURRING.

1. **Contract**: PART PERFORMANCE: SCHOOL DISTRICT. Where a teacher had made a parol contract with the directors of a school district to teach nine months, and had taught seven, receiving pay therefor, after which he was discharged: *Held*, that although the contract did not comply with the statute requiring such engagements to be in writing, nevertheless the acceptance of part performance was a ratification, rendering the district liable upon the contract. Following *Athearn v. The Ind. School Dist. of Millersburg*, 33 Iowa, 105.

II. Per BECK, J., DISSENTING.

2. ———: ———: ———. A verbal contract between a teacher and a school district, being unauthorized by law, is a nullity, and cannot be made of any effect by subsequent ratification. The case differs from *Athearn v. Ind. School Dist. of Millersburg, supra*, where the contract was in proper form, and defective only in execution.

*Appeal from Clayton Circuit Court.*

TUESDAY, APRIL 27.

THE plaintiff, by his petition, avers that on June 1, 1872, the defendant employed the plaintiff to teach its school as

principal, at a salary of $900, for the usual term, commencing September 2, 1872, and ending June 28, 1873, and the plaintiff agreed to teach therefor. That the defendant made a record of such contract in its book, at the time, as follows: "June 1, 1872, Board of Directors of North McGregor Independent School District met at school house. Members of the Board all present; called to order at eight o'clock, P. M. President George Keen in the chair; minutes of the last meeting read and approved. Unanimously voted to employ W. F. Cook, as principal, at a salary of nine hundred dollars, for the usual school term of nine months." That the contract was verbal except the above record. That plaintiff taught the said school under said contract seven months, for which the defendant paid him, according to said contract, $700 in orders on its treasurer, and then discharged the plaintiff, giving no cause therefor; that the plaintiff, at once, notified the defendant in writing that he was ready to teach the remainder of said term and perform his contract, but the defendant refused to permit him to do so; that the defendant ratified said contracts, and the plaintiff has been damaged by the breach in the sum of $200, for which he asks judgment. The defendant demurred to the petition because the alleged contract was verbal, and the plaintiff has been fully paid for the services actually rendered. The Circuit Court sustained this demurrer. The plaintiff excepted, and appeals.

*Woodward & Preston* and *Elijah Odell*, for appellant.

*Noble, Hatch & Frese* and *Thos. Updegraff*, for appellee.

COLE, J.—Our statute provides that "all contracts with teachers shall be in writing, specifying the length of time the school is to be taught in weeks; and such other matters as may be agreed upon; and shall be signed by the sub-director and teacher, and be approved and filed with the president, before the teacher, enters upon the discharge of his duties." Section 51, School Laws of 1872. The power to ratify a contract which failed to conform to the provisions of this section, was affirmed in the case of *Athearn v. The Independent School*

*District of Millersburg*, 33 Iowa, 105. And it was there also held, that the section applied to independent districts as well as to district townships. In that case the contract in controversy was not made according to the above quoted section, for that it was not made with the Board of Directors, but was in writing, and signed by the members individually at their several homes, and not as a Board. For that reason the contract itself was conceded to have no force; and it was held that although it was executed without authority upon the part of defendant's officers, and was therefore invalid, yet it could be, and was ratified by the acceptance of a part performance. That case is authority for reversing this. Here, if the con-tract was invalid, it has been fully ratified by part performance, and acceptance thereof on both sides.

REVERSED.

BECK, J., *dissenting.*—I. Section 51 of Chapter 172, Acts Ninth Genl. Ass., providing for a system of common schools, prescribes that "All contracts with teachers shall be in writing; * * * * * and shall be signed by the sub-director and teacher and be approved and filed with the president before the teacher enters upon the discharge of his duty." This provision prescribes the mode in which a school district organized and existing under the laws of the state shall bind itself by contract for the employment of a teacher. The rule of law is, if the statute prescribes the mode in which a corporation shall contract, neither the corporation nor the party dealing with it is bound by a contract made in any other mode. *Head & Amory v. The Providence Ins. Co.*, 2 Cranch, 127; Angel and Ames on Corporations, §§ 253, 253a; Dillon on Municipal Corporations, § 373, and authorities cited.

The statute above cited requires contracts made by school districts with teachers to be in writing and to be signed by the school officer and by the teacher.

II. It is also claimed in the foregoing opinion that defendant is bound by the contract because its act of paying the plaintiff for the time he served and permitting him to teach, ratifies the contract. In support of this position *Athearn v.*

*Ind. Dist. Millersburg, supra*, is cited. In that case it was held where a contract in writing with a teacher had been entered into by officers of the school district, that is by the directors individually and not acting as a board, that such a contract would be ratified by payment of the teacher and by permitting him to perform his part of the contract. The contract was in writing, and a question was raised as to the authority of the officers to execute it. If it had been executed by the officer empowered so to do, it would have been binding upon the district. It was held that even though the power in the officers was wanting to execute the contract as individuals, the school district might become bound by ratifying it. The district was empowered to contract in writing; the instrument in suit complied with the law in form. Its due execution only was wanting. The act of ratification supplied the execution, and with it the instrument became binding.

In the case before us the contract is not in writing. The defendant is forbidden by law to bind itself in that manner. If it should be held that defendant may ratify the contract, it may thus contract in a manner not authorized by the statute. If the ratification be effective, it is of a verbal contract, which defendant cannot make. Certainly the ratification, as it is called, can give to defendant no new powers. It had no power to make a verbal contract; the power to do this is not created by the act called ratification. The verbal contract, not being such as the law authorizes defendant to make, is not binding—is a nullity. The act, which it is claimed makes it valid, must have the effect to create or confer power if the contract is thereby valid. This cannot be claimed.

In *Athearn v. Ind. Dist. of Millersburg* we held that a school district may ratify a contract in writing which it has power to make but is defectively executed. In this case we hold that it cannot, by its acts, ratify a verbal contract which it is forbidden to make. The distinctions in the principles involved and the facts of the cases are obvious.

III. The contract, not being in writing, does not bind the teacher, for the simple reason that it is not such a contract in form as defendant is empowered by law to make. The

defendant may bind itself only in the mode prescribed by the statute. See authorities cited *supra*. Plaintiff cannot complain if defendant treats the contract as wanting in validity. Defendant would have had no remedy had plaintiff abandoned the school at any time; it ought to have the like right to terminate plaintiff's employment without liability.

For the reasons thus briefly given, I dissent from the conclusion reached by the majority of the court in the foregoing opinion.