GAMBRELL v. THE DISTRICT· TOWNSHIP OF LENOX.

| 54 | 417 |
| 82 | 689 |
| 54 | 417 |
| 88 | 575 |
| 54 | 417 |
| 100 | 331 |

1. **School District**: CONTRACT WITH TEACHER: APPROVAL OF. A contract of employment with a teacher becomes binding upon a district township only when made by a subdirector and approved by the president of the board, as provided in section 1753 of the Code. The statute confers no power upon the board of directors to enter into such a contract.

*Appeal from Iowa Circuit Court.*

TUESDAY, OCTOBER 5.

ACTION upon a contract employing plaintiff to teach a public school. There was a verdict and judgment for plaintiff; defendant appeals.

*Rumple & Lake,* for appellant.

*Hedges & Alverson,* for appellee.

BECK, J.—I. The plaintiff entered into a written contract to teach a public school, with the acting director of one of the subdistricts of the district township of Lenox. This contract was not filed with nor approved by the president of the district township. Before plaintiff commenced teaching another director succeeded the one with whom she contracted, under the decision of the court in an action brought by him against the acting director. The director thus declared to be the legal officer entered into a contract with another teacher, who taught the school for the time specified in the contract with plaintiff, who brings this action to recover against the district for breach of the contract. Much is said by counsel upon the question involving the right of the acting director to enter into the contract. We think this question becomes unimportant in the view we take of the case; we will, therefore, give it no consideration.

*1. SCHOOL district: contract with teacher: approval of.*

II. The defendant asked the court to give the following

instruction: "If you find that the contract upon which plaintiff sues in this action was never approved by and filed with the president of the defendant's board of school directors, as provided by the law, then the plaintiff is not entitled to recover in this action, unless you further find that said contract has been ratified, and the burden is upon plaintiff to show such ratification by a preponderance of evidence, and if she fails to so satisfy you, your verdict will be for the defendant." This instruction was pertinent to the issues, and applicable to the evidence in the case. We are of the opinion that it should have been given.

Code, § 1753, provides that the subdirectors of the district townships shall make contracts for employing teachers of schools in their respective subdistricts, and all contracts made by them shall be approved by the president and reported to the board of directors of the district townships. This statute prescribes the manner of entering into a contract which shall be binding upon the district as an incorporation. It must be approved by the president; without his approval the district is not bound. It is a familiar rule of law that corporations of this character can be bound by contracts only when they are entered into in the manner and by the officers prescribed by the statute. There was no claim made that defendant by suffering plaintiff to teach the school, or in any other manner, ratified the contract. *Athearn v. Independent District of Millersburg*, 33 Iowa, 105; *Conner v. District Township of Ludlow*, 35 Iowa, 376; *Cook v. Independent District of McGregor*, 40 Iowa, 444.

III. The record of the proceedings of the board of directors of defendant shows that plaintiff was employed by a resolution passed by that body. The court instructed the jury that the board of directors had no authority to employ a teacher, and that the resolution is no part of the contract in this case; the instruction is correct; the statute confers no such power upon the board; it prescribes that teachers shall be employed by contracts entered into by the subdirector

and approved by the president. The action of the board, therefore, gave no validity to the contract under which plaintiff claims to recover.

Other questions discussed by counsel need not be considered; the one we have determined is decisive of the case. For the error in refusing the instruction asked for by defendant the judgment of the Circuit Court is

REVERSED.