HELEN HULL, Appellee, v. INDEPENDENT SCHOOL DISTRICT OF APLINGTON, Appellant.

1. **Schools:** SCHOOL DISTRICTS: TEACHERS: CONTRACTS. The president of the board of directors of the defendant school district having authority to employ teachers, with the consent of the board, made a contract with the plaintiff in writing as teacher of the school at A. No formal action was taken approving such contract, but the plaintiff entered upon the discharge of her duties with the knowledge of the several members of the board, and that she did so under contract with the president. After the plaintiff had taught the school for about two weeks she was notified by the board that another was employed in her place, and that she must not interfere. *Held,* that the consent of the board of directors to the contract with the plaintiff was to be presumed, that the contract was valid, and the plaintiff was entitled to recover for her services thereunder.

2. ———: ———: ———: DISCHARGE. A discharge of a teacher for incompetency can only be made in the manner prescribed by section 1734 of the Code, and a discharge by any other method is wrongful. [BECK, J., *dissenting*.]

*Appeal from Butler District Court.*—HON. J. B. CLELAND, Judge.

TUESDAY, OCTOBER 28, 1890.

ACTION to recover for services as a teacher in the defendant district. On the twenty-ninth day of July, 1887, the president of the defendant's board of directors entered into a written contract with the plaintiff, by which she was to teach in the school of the district for a period of nine months from the twenty-ninth day of August, 1887. The plaintiff on that day entered upon the discharge of her duties, and continued to teach until September 13, 1887, when she was notified that another had been employed to take her place in the school, and that she must not interfere on the premises. On the twenty-fourth of September, 1887, the board of directors made the following record:

"Moved and seconded that the contract made by the president with Helen Hull, a teacher of Cedar Falls, dated July 29, 1887, for services as teacher in the primary department of the Aplington school, is hereby not approved for the reason that the president had no legal right to make the contract, the teacher not having any certificate at the time the contract was entered into; that said teacher is not competent and qualified to fill the vacancy in the Aplington school; that said contract was not properly executed, and not approved by the board of directors. Motion declared carried."

From the action of the board, the plaintiff appealed to the county superintendent, who reversed the action of the board, and thereupon the defendant appealed to the state superintendent, who affirmed the action of the county superintendent. The issues on the trials before the county and state superintendents involved both the legality of the employment of the plaintiff, and of her

discharge, based on an agreed statement of facts, both as to the employment and the discharge. The decision of the state superintendent is included in the record, and his conclusions as to the employment and the discharge are as follows: "Helen Hull was legally and regularly employed to teach school in the independent school district of Aplington;" also: "The manner of dismissing affiant was irregular and unlawful." The plaintiff's petition is in two counts, in one of which she seeks to recover on the theory that the adjudications in the school tribunals are conclusive as to her right of recovery, and in the other upon allegations of her employment and wrongful discharge. The district court gave judgment for the plaintiff, and the defendant appeals. *Affirmed.*

*J. H. Scales*, for appellant.

*O. B. Courtwright*, for appellee.

GRANGER, J.—I. The plaintiff's right of recovery is dependent upon two ultimate facts: *First*, that she had a legal contract of employment; *second*, that she was wrongfully discharged therefrom. Both being established in a proper tribunal, they are conclusive as to her right; and, while counsel agree that our first inquiry is whether the adjudications of the school tribunals are such as to limit the inquiry in this case to a mere assessment of damage, we are disposed to pass that question without intimating an opinion, because of a somewhat peculiar phase of the record.

1. SCHOOLS: school districts: teachers: contracts.

It will be observed that the action of the board on September 24 was a refusal to approve the contract signed by the president and the plaintiff. The discharge was on the thirteenth of September, and at that time there had never been any action of the board with reference to the employment. The plaintiff entered upon the discharge of her duties on the twenty-ninth of August, with the knowledge of all the members of the

board, and so continued till her dismissal. The president was authorized to employ teachers with the consent of the board. Now, as we understand, the action of the board, September 24, was not a proceeding to discharge a teacher for incompetency, or otherwise, under the provisions of the Code, section 1734, but merely an action indicating a refusal to employ the plaintiff; the statements as to incompetency, etc., being in the records only as reasons for not approving the contract signed by the president; and, in dismissing the plaintiff from her position in the school, the defendant board have acted upon the theory of there being no contract. Hence, if there was a valid contract, the dismissal as a legal consequence was wrong. If the board sought to discharge the plaintiff after a legal employment, it must have proceeded under · section 1734 of the Code, and there could be no pretense of such a proceeding. We then inquire if there was a legal employment.

Appellant questions the validity of the action of the president of the board on several grounds. Reference is made to *Athearn v. Ind. Dist.*, 33 Iowa, 105, and *Gambrell v. District Twp.*, 54 Iowa, 417, intimating that the two are in conflict, and that the rule of the latter is that the board has no power to execute contracts for employing teachers. That case has reference to the boards of district townships, and adheres to the statutory requirement that a contract must be made by a subdirector, and approved by the president, etc. The case treats of the methods of executing a written contract, and holds that it must be by those whom the law directs, and not by others. It does not bear upon the question before us as to the right of the board to authorize its president to make contracts subject to approval; nor is it at all in conflict with the rule given in *Athearn v. Ind. Dist.*, *supra*.

The appellant earnestly contends that, if the board had the power to make the contract, it could not delegate its authority to its president or any member. We need not determine that question, as no such effort was

made by the defendant's board. It merely enabled the president to make the contract with its consent. When it consented the contract was with the board. A reasonable construction of the action of the board, providing that its president might employ teachers with its consent, is that the president should discharge the duties of finding competent teachers, and arrange the terms of employment, and report his action for approval, or otherwise, as the judgment of the board might direct. It is but a convenient method of preparing for action by the board. It has been held that the board of directors of an independent district may employ teachers by the directors' agreeing to the contract separately, *i. e.*, not assembled as a board (*Athearn v. Ind. Dist.*, 33 Iowa, 105) and, if they could thus contract entirely, they could, of course, by consenting to what was agreed upon between plaintiff and the president. That the board never intended to take action on what was done by the president is evident, for each of the members knew when the school commenced, and knew the plaintiff was there as a teacher under the contract made with the president, and that such action had not been taken. It must then be taken for granted that the intention was that the consent necessary to make the contract of the president valid should be that of the members separately, and hence that it should not be of record. Again, the record is not essential to its validity. *Athearn v. Ind. Dist.*, 33 Iowa, 105. The written contract was in the possession of the president of the board, and presumably its contents were known to its members, and, with the undisputed facts, it is difficult to imagine a department of business in which consent would not be presumed against parties thus dealing with another. The case is stronger than that of *Conner v. Dist. Twp.*, 35 Iowa, 375, in which the district was charged with the obligation for payment, because of a presumption favorable to the plaintiff, when the letter of the statute had not been complied with as to the approval of the contract. In this case there is no violation or neglect of a special provision of the law, and we think clearly

that the written contract stands as a valid one between the plaintiff and the defendant.

II. The defendant board had by resolution provided that only teachers with first-grade certificates should be employed. At the time the con-

2. ——: ——: ——: tract was made between the president and discharge. plaintiff, the latter had no certificate, but afterwards, and before she commenced teaching, she obtained one, but it was of the second grade; and it is urged that the plaintiff acted in bad faith in making her contract. The contract on its face only requires that the plaintiff should be "a legally qualified teacher," and for that purpose a second-grade certificate would be good; but of course the defendant had a right to provide by contract for a higher grade, and, as to what the understanding was at the time of the employment as to the grade of certificate, the testimony is conflicting, and we must assume the finding favorable to the judgment below. But a conclusive answer is that the grade of the certificate goes only to the evidence and fact of her competency, and at most it could only be a ground for her discharge. The law prescribes how the discharge for such cause must be effected (Code, sec. 1734), and a discharge for such a reason, without observing the course prescribed would be wrongful.

The defendant sought to show by evidence the conduct of the plaintiff in attempting, after commencing her school, to obtain a first-grade certificate, which the court refused, and complaint is made of the ruling. This point is controlled by the same considerations. The testimony could avail nothing. It could not show that there was no contract, which is the only practical question in the case. The plaintiff's cause of action depends, as we have said, upon two facts,—a contract and a wrongful discharge. The question of whether or not there were grounds for a discharge is not in the case, and it is a misapprehension of this point that has led to much of the discussion.

The judgment below is AFFIRMED.

BECK, J. ( *dissenting* ).—The president of defendant was authorized by its board of directors to employ a teacher having a first-grade certificate. The plaintiff did not hold such a certificate when she was employed by the president, or afterwards. He, therefore, had no authority to employ her, and the contract he entered into with her was, therefore, void. The plaintiff and the president of the school district cannot, by bold disregard of the will of the district, as expressed by the board of directors, defeat the just and lawful requirement of the board that the teacher for the district shall hold a first-class certificate. On these grounds I dissent to the foregoing opinion.

### SUPPLEMENTAL OPINION.

### MONDAY, FEBRUARY 9, 1891.

GRANGER, J.—In a petition for rehearing, complaint is made that this court, in its original consideration of the case, assumed certain facts not authorized by the record, and we briefly notice some of the points made.

The opinion states that each member of the school board knew when the school commenced, and that the plaintiff was there as a teacher under a contract made with the president. And, further, that " plaintiff entered upon the discharge of her duties on the twenty-ninth of August with the knowledge of all the members of the board." It is said the court has assumed these facts without proofs, and the petition asks the court " where it gets its authority for the statement." The authority is derived from certain undisputed facts in the case : *First.* That the president of the board was authorized to employ teachers with the consent of the board. *Second.* That in pursuance of such authority the president did make the written contract with the plaintiff. *Third.* That by virtue of such contract the plaintiff entered the school on the

twenty-ninth of August, and taught until the thirteenth day of September. *Fourth.* That it was the duty of the directors to employ and know who were the teachers in the school, and by what authority they were there; and that a failure to do so without excuse involves a disregard of duty, which the court cannot assume against an officer; and in the case there is no attempt to disclaim such knowledge. The appellant's argument indicates a belief that, before a fact in a case can be regarded as established, it must be testified to directly or admitted, for it inquires: "Who testifies to, says or admits the facts?" Facts may be assumed in judicial proceedings from other facts known in the case when but the single conclusion is consistent therewith.

The appellant complains that the court "ignored" the question of excessive damages, and says "it was assigned as error;" but does not say that the assignment was argued, nor was it. And under repeated decisions it was waived, and could not be considered. See *Patterson v. Seaton,* 70 Iowa, 689; *Clark v. Town of Epworth,* 61 Iowa, 750; *Beeson v. Railroad,* 62 Iowa, 173; *Wood v. Whitton,* 66 Iowa, 295; *Wood & Co. v. Hallowell,* 68 Iowa, 377.

Other complaints in the petition are equally without merit, and the petition for a rehearing is OVERRULED.