FARMERS' SAVINGS BANK, v. INDEPENDENT SCHOOL DISTRICT OF
    FARMINGTON, Appellant, HENRY HARTRICK, *et al.*,
    Interveners.

School Districts: WARRANTS IN EXCESS OF LIMIT: ACTION ON. Either a
1   school district or intervening tax payers may, where the
    officers refuse to act, defend an action to recover on warrants
    of the district on the ground that the same are in excess of the
    constitutional limitation, although the officers of the district
    acted in good faith in creating the debt for which the war-
    rants were issued, and still recognize their validity.

Practice: NECESSARY PARTIES.    Where a determination of a con-
2   troversy requires other parties than those before the court, it
    should order them brought in, and a continuance for that pur-
    pose is proper.

Costs: UNNECESSARY ABSTRACT.    The cost of an abstract present-
3   ing matters which cannot be considered on the appeal will be
    taxed to the party filing the same.

*Appeal from  Van  Buren  District  Court.*—HON.  C.  W.
    VERMILLION,  Judge.

TUESDAY, JANUARY 12, 1904.

PLAINTIFF brought action against defendant to recover
judgment on certain warrants issued for the construction
of a schoolhouse of the face value of about $7,000, less
payments made thereon.   Hartrick and others, taxpayers
of the school district, intervened, alleging that the war-
rants were void, having been issued in excess of the con-
stitutional limitation of indebtedness, and that the officers
of defendant were unwilling to contest the legality of the
warrants.   Interveners also alleged that $1,910.18 had
been illegally paid by the officers of the defendant to the
plaintiff on the void warrants in controversy, and asked
that plaintiff be required to pay into the treasury of the

school district the amount of money illegally paid on such warrants, and that the officers of the school district be enjoined from making further payments on such warrants, and that they be declared null and void. Thereafter the plaintiff's action was dismissed, and interveners dismissed any claim against plaintiff on account of money illegally paid on the warrants, and the case came up for trial on issues joined as between interveners and defendant. After evidence was introduced on the issue as to whether the warrants were void, defendant moved that the petition of interveners be dismissed on the ground that the holders of the warrants in controversy were not in court. Thereupon the trial court ruled that the holders of such warrants were necessary parties to an adjudication of the issues between interveners and defendant, and ordered that the case be continued, and that interveners make the plaintiff bank, as holder of said warrants, party to the action by service of notice of the petition of intervention; and that, if the interveners should fail to make such bank a party, then the petition of intervention would be dismissed. A demurrer to certain paragraphs of defendant's answer had been interposed by interveners in the course of the proceedings, and on the final hearing the court sustained this demurrer. The defendant appeals.—*Affirmed.*

*W. E. Blake* for appellant.

*Wherry & Walker* for appellee interveners.

McCLAIN, J.—The demurrer to certain paragraphs of defendant's answer setting out facts tending to show the good faith of the officers of defendant in entering into the contract for the erection of the schoolhouse, and also facts which would estop the defendant from interposing the defense that the warrants are void, was properly sustained. It seems unnecessary to cite authorities to the effect that good faith on the part of the defendant's officers, or their action in acknowledging the validity of the warrants,

would not prevent the defendant corporation from interposing the defense that the warrants were in excess of the constitutional limitation, nor prevent the interveners from insisting on their invalidity if the officers of the defendant refuse to interpose that defense.

The ruling of the trial court that the holders of the warrants were necessary parties to an adjudication of the question whether the defendant should be enjoined from recognizing their validity has not been appealed from by interveners, and therefore that question is not now before us.  We are required simply to decide whether, in view of the ruling that the holders of the warrants were necessary parties, the court erred in refusing to dismiss the petition of intervention on that ground, and in continuing the case for the purpose of having the holders brought in as parties. By Code, section 3466, it is provided that when the determination of a controversy between the parties, before the court cannot be made without the presence of other parties it must order them to be brought in.   Therefore when, at the close of the trial of the issues between interveners and defendant, the defendant moved that the petition be dismissed for want of proper parties, the court was required to direct, as it did, that the necessary parties be brought into the case.

A motion of appellant to tax to appellee the costs of his amendment to the abstract for the reason that the matter therein set forth is wholly unnecessary for the determination of the appeal, and that appellant's abstract sufficiently presents the record, has been submitted with the case.   An examination of the amendment leads to the conclusion that it presents matters which could not have been considered on this appeal, and the motion is therefore sustained.

The rulings of the trial court complained of by appellant are AFFIRMED.