L. L. BEERS et al., Appellees, v. H. P. LASHER et al., Appellants.

No. 40043.

MARCH 18, 1930.

*Clark & Clark* and *Kindig, Stewart & Hatfield*, for appellants.

*Burgess & Gill*, for appellees.

WAGNER, J.—One of the warrants in question, in the amount of $150.05, was issued to William Guthrie, and the other, in the sum of $1,250, was issued to Clark & Clark, of Ida Grove, and J. W. Kindig, a former member of the law firm of Kindig, McGill, Stewart & Hatfield, of Sioux City. Said warrants were issued on November 2, 1925, pursuant to resolution adopted by the board of directors hereinafter referred to.

It is the claim of the appellees that the appellant attorneys rendered no service for the district, except the filing, at the time of the trial, of answers to various petitions of intervention previously filed, and except such service as was thereafter rendered during said trial in connection with their employment as attor-

neys for the plaintiffs in said cause, and that said attorneys were not legally employed to represent the district. These claims are denied by the appellants, and they allege a complete ratification by the district, through its board of directors, of their employment as attorneys, which is denied by the appellees. The trial court enjoined the collection of said warrant, except in the sum of $200, found to be the reasonable value of the services of said attorneys for the preparation of the aforesaid answers to the petitions of intervention, and services thereafter rendered, as aforesaid.

Relative to the services of the public accountant, it is the claim of the appellees that he was not legally employed by the district. This is denied by said appellant, and he pleads ratification by the district, through its board of directors, of said employment, which is denied by the appellees.

For a full understanding of the matters before us, a history of the former litigation becomes necessary. The Consolidated Independent School District of Cushing consists of 16 sections of land in Ida County and 12 sections in Woodbury County. The town of Cushing and the schoolhouse about which the controversy arose are in Woodbury County. At the time of the origin of the controversy, Mrs. Nettie I. Ferry, H. P. Lasher, A. H. Bullock, H. M. Andresen, and Frank Croxell constituted the board of directors. It was the contention of various taxpayers, including two members of the board of directors, to wit, Lasher and Andresen, that the board of directors had entered into a contract for the erection of a school building, and had issued, and were issuing, warrants in payment thereof, when the indebtedness thus sought to be paid exceeded the constitutional limit; and that certain taxes, levied and sought to be levied, were illegal. On February 14, 1923, an action in which the claimed illegalities were asked to be enjoined, was brought in Ida County by a number of the taxpayers in the district, including Lasher and Andresen, against the district, its directors (including Lasher and Andresen), the treasurer and secretary of the district, and the county treasurers of both counties. This action was instituted by Clark & Clark, as attorneys for plaintiffs. On February 16, 1923, the board of directors, by a formal motion or resolution entered of record, determined to defend the action, and authorized the president to appoint a

committee of two, with power to engage counsel to defend against said action; and the committee was appointed. Pursuant to said action of the board, the firm of Naglestad, Pizey & Johnson of Sioux City was employed. Thus representing the defendants in said action, said firm prepared and presented to the district court of Ida County a motion for a change of the place of trial of said action to Woodbury County, which motion was sustained by the court on March 10, 1923. The first pleading filed in said cause in Woodbury County, April 11, 1923, was a petition of intervention by Kucharo, the contractor engaged for the erection of the schoolhouse, wherein he asks that the court establish, as against the district, the amount of the indebtedness due the petitioner, and that judgment be rendered for said amount, and that a mandamus decree be entered, compelling the school district to provide the necessary funds for the payment of said judgment. Other petitions of intervention of a similar nature by other interested parties were subsequently filed. Amendments to the original petition, which were signed by both the Clark and Kindig firms, as attorneys for the plaintiffs, were subsequently filed. On April 24, 1923, the Naglestad firm, representing the defendants in the original action, filed a demurrer to the petition and a motion to dissolve the temporary injunction. It appears that this is the last action taken by said firm for and in behalf of the district. Said firm, together with some Des Moines attorneys, also represented interveners, who were asking affirmative relief as against the district. The aforesaid motion to dissolve the temporary injunction, and the demurrer, which were prepared by the Naglestad firm and filed in behalf of the district, were not ruled upon until September 15, 1923, when the same were overruled. It appears that, on the presentation of said matters to the court, Kindig appeared for the district.

At the regular March election in 1923, the personnel of the board of directors of said district changed, by the election of two new directors and the resignation of another. For the year beginning in March, 1923, the directors of said district were H. P. Lasher, H. M. Andresen, C. B. Daniels, Henry Hoppee, and C. E. Lowry. After said election in 1923, Lasher became president of the board, and continued to serve as such officer during the entire time in question. On October 5, 1923,

the board discharged the Naglestad firm as its attorneys, by the adoption of the following resolution:

"Whereas the firm of Naglestad, Pizey & Johnson, attorneys of Sioux City, Iowa, were engaged by the board of education as formerly consisted, to represent the district in the case entitled H. J. Holst *et al.* v. Consolidated Independent School District of Cushing, Counties of Woodbury and Ida, *et al.*, this board of directors hereby resolve to dispense with the services of the above-named attorneys, and they are this day discharged, and the secretary is hereby empowered and directed to deliver a copy of this resolution to the above-named firm at the earliest possible date. Done on this 5th day of October, 1923."

It is the contention of the appellant attorneys that, after the personnel of the board had changed, they were employed to represent the district; that the former board, on February 16, 1923, authorized the employment of attorneys by the district, to defend the action; that, while there is no record entry of authorization for their employment by the district, they were informally employed by the president and members of the school board as attorneys for the district; that they performed the services as such attorneys; and that the informal action of the board in this respect was subsequently ratified by action of the board in regular session and made of record. The same contention is made relative to the employment of the public accountant.

It is to be borne in mind that, after the change of venue to Woodbury County, the only thing done for and in behalf of the district by any other attorneys was the preparation and filing, on April 24, 1923, of the demurrer and the aforesaid motion to dissolve; that said firm of attorneys previously employed was discharged; that Kindig appeared for the district, and presented the aforesaid demurrer and motion to dissolve; that, after March, 1923, the attitude of the district toward the pending litigation was in complete accord with the views of the plaintiffs in the action; that the pleadings filed for and in behalf of the district, no matter what the arrangement was, were prepared and signed by the appellant attorneys, as attorneys for the district. In the answers for the district to the

petitions of intervention, it is prayed that the original prayer of the plaintiffs' original petition be granted.

There is no claim by the appellees that the appellant attorneys were guilty of improper ethics. The appellees state in their argument, "it is not argued or even suggested here that appellant attorneys have been guilty of any improper or unethical conduct in any of the litigation in question;" nor could it be; for, after the election in March, 1923, the attitude of the district, as reflected in the actions of its board of directors, was identical with the attitude of the plaintiffs in the action.

The district had the legal right to raise the same question raised by the plaintiffs in the case, to wit: that the indebtedness created by the warrants issued, and to be issued, in payment of the erection of the schoolhouse exceeded the constitutional limitation. See *Farmers' Sav. Bank v. Independent Sch. Dist.*, 122 Iowa 99, where we said:

"It seems unnecessary to cite authorities to the effect that good faith on the part of the defendant's officers, or their action in acknowledging the validity of the warrants, would not prevent the defendant corporation from interposing the defense that the warrants were in excess of the constitutional limitation * * *."

The district had the power to employ attorneys to represent it. See *Rural Ind. Sch. Dist. v. Daly,* 201 Iowa 286; *Cowles v. Independent Sch. Dist.*, 204 Iowa 689.

It is a well established rule of law that individual directors of school districts cannot bind their districts by acts not authorized by the board, and that an act by a majority of such directors when not assembled and acting as a board will not bind the district. See *Forcum & Sons v. Independent Dist.*, 99 Iowa 435; *Herrington v. District Township,* 47 Iowa 11; *Independent Sch. Dist. v. Wirtner,* 85 Iowa 387. There is another rule of law equally well established: that, though a contract made by the directors for and in behalf of the district is not binding upon the district, because irregularly made, nevertheless, it may become binding by a subsequent ratification, when such contract was one into which the district might lawfully enter, at the time when it was irregularly made. *Athearn v. Independent Dist.*, 33 Iowa 105; *Cook v. Independent Sch. Dist.*, 40 Iowa 444;

*Dubuque Female College v. District Twp.*, 13 Iowa 555; *Richards v. School Twp.*, 132 Iowa 612; *Gillespie v. Common Sch. Dist.*, 56 N. D. 194 (216 N. W. 564).

In *Athearn v. Independent Dist.*, 33 Iowa 105, this court made the following pronouncement:

"Corporations may ratify contracts made without their authority, and thus become bound thereby, like natural persons, the same rule of law being applicable to each. This is a doctrine so familiar that the citation of any of the numerous authorities supporting it is unnecessary. Performance of a contract, permission to the party with whom the corporation contracts to perform, the acceptance of the performance or of the fruits of the performance by the corporation, acquiescence in the contract, payment to the other party, and the like, all operate as acts of ratification."

Now, what are the facts, as shown by the record, relative to the employment of the accountant and the appellant attorneys to act for and in behalf of the district? We will give some excerpts from the record. Quoting from the testimony of H. P. Lasher:

"Q. Did you, or did your attorneys, Messrs. Clark & Clark, arrange with Mr. Guthrie to audit the books of the school district? A. I think we all arranged it. * * * You might understand that it was ordered by the school board as it was consisted at that time. I talked with him, and made the final arrangements in that respect. * * * Q. You understand, Mr. Lasher, * * * the only thing I am asking you is, who hired Guthrie,—or have you answered it, when you say that you did? A. I did, with the consent— Q. Did you have a talk with the members of the board as to who should appear and take care of the motion to dissolve the temporary injunction and demurrer? A. Yes. Q. Who did you and the other members of the board determine upon? A. The firm of Clark & Clark, and later, Kindig, Stewart & Hatfield. Q. Now, at the time, that these motions and demurrers were presented, you were there, and Mr. Kindig presented them, did he not, on behalf of the board? A. Yes, sir, I was there. I was president of the board. Q. And did you, as president of the board, have

Mr. Kindig appear for you in the submission of this demurrer?
A. Yes. Q. * * * prior to making that audit, did you have
any talk with the members of the board? A. Yes. * * * We
agreed among ourselves that that was the proper thing to do,
and we did it. Q. And that was among the directors, and
Mr. Guthrie came down there and made the audit? A. Yes,
sir. Q. And did the board have the secretary open the books
up to him and assist him in making the audit? A. Yes. Q.
Did you at any time hire Mr. Guthrie upon your own respon-
sibility? A. No. * * * I conferred with the majority of them
[the board], and they were all agreeable. * * * Q. Had you
any talk with any members of the board up to that time, as
to who they would employ for the purpose of taking care of
this litigation on behalf of the school board? A. I had talked
with various members at times, and very seldom failed to talk
when we met. Q. And who did they agree upon, if they did
agree, should act as attorneys for the district in this litigation?
A. Clark & Clark and Kindig, McGill, Stewart & Hatfield, at
that time. Q. Up to that time, there had been no pleadings
filed by the district,—that is, in the district as far as the orig-
inal case was concerned, in Woodbury County? A. Well, I
had left the matter to the attorneys that were representing it.
I couldn't say. Q. And subsequent to the presentation of this
demurrer and the overruling of same, the case came up for
trial, did it not? A. Yes. Q. Who appeared in behalf of
the district at that time? A. The same two firms of attorneys
before mentioned. Q. * * * Mr. Lasher, did the board of di-
rectors of this school district take any action authorizing or
appointing you in any way to represent the board in connection
with that litigation? A. Informally they did. Q. Did they
ever take any record action as now appears in the minutes of
the board of the district? A. Yes. * * * When I became presi-
dent of the board, the personnel was changed. Q. What was
their attitude in relation to the employment of counsel? A. I
never heard any objections from any of them. After I became
president of the board, they were unanimous at that time, so far
as I knew, for our proposition and the employment of counsel.
They were unanimous in the employment of Clark & Clark,
who were already employed, and Kindig, Stewart & Hatfield.''

Another director testifies that the employment of the attorneys was talked in Cushing among the directors; that there was informal talk among the board, and Clark & Clark and the Kindig firm were determined upon as attorneys to represent the district.

To quote further from the testimony would unduly extend the length of this opinion. While there are some conclusions in the aforesaid testimony, it is shown that the members of the board had taken informal action relative to the employment of the accountant and the appellant attorneys to act for and in behalf of the district, and that they were so employed. The report of the accountant is directed to the "Consolidated Independent School District of Cushing." The appellant attorneys performed a service for which they had been thus employed. The fact that they appeared as attorneys for the plaintiffs was immaterial, as the original plaintiffs and the district itself were properly acting in unison, both praying for the same relief.

Now, what as to ratification? On November 2, 1925, the board, in regular session, adopted the following resolution:

"Be it and it is hereby resolved by the board of directors of the Consolidated Independent School District of Cushing, of the counties of Woodbury and Ida, in Iowa, in legal session assembled at Cushing, Iowa, on the 2nd day of November, A. D. 1925, that whereas suit was commenced in the district court of Iowa in and for Ida County in the case of H. J. Holst *et al.*, Pfs., vs. the said Independent Consolidated School District *et al.*, and whereas said cause was removed from the district court in and for Ida County, Iowa, to the district court of Iowa in and for Woodbury County, and whereas said action was finally tried in cause known as No. 46757 Equity, and it was necessary for said school district to employ counsel for its defense and to represent it in said cause, and accordingly the following firms were employed for said purpose: Clark & Clark, of Ida Grove, Iowa, and Kindig, Stewart & Hatfield, of Sioux City, Iowa, and for the preparation of said trial, William Guthrie, a certified public accountant, was employed to audit the books of said district, and after the trial of said cause, a transcript was ordered from the official court reporter, Mr. Robert Turner, of Sioux

City, Iowa, and whereas said attorneys have filed with this board an itemized statement for the attorney fees and expenditures, as follows: For trying the case in the district court of Iowa in and for Woodbury County, known as H. J. Holst *et al.* vs. Consolidated Independent School District *et al.*, Dfs., No. 46757 Equity, $1,250 to Robert Turner, shorthand reporter in the said district court, amount paid for transcript, $48.60; amount paid to William Guthrie, certified public accountant, of Sioux City, Iowa, $150.05, for auditing books of the school district, preparatory to trying the above-named case,—total $1,-448.65. Now, therefore, the said claims of said attorneys for fees and disbursements are hereby approved, authorized, and allowed in full,—that is to say, in the total amount of $1,448.65,—and the secretary of said district is hereby authorized and directed to issue to said attorneys a warrant on the proper funds of the said district for said amount. Consolidated Independent School District of Cushing, Iowa, by H. P. Lasher, President. Attest: Louise B. Hass, Secretary.''

The warrants were issued, and have been properly stamped ''Unpaid for want of funds.'' The board of directors knew of the employment made and the services rendered. No fraud, misrepresentation, or concealment is shown. Clearly, this action by the board amounts to a full and complete ratification of the previous acts of the directors in making the employment for and in behalf of the district. It is clearly shown that, by the adoption of said resolution, the board of directors were acting for and in behalf of the district, and that their personal rights were in no way affected thereby. Moreover, said cause of action was determined adversely to the interveners and in favor of the contentions of the plaintiffs and the school district. The district has never repudiated the employment, and, immediately upon the taking of an appeal to this court, by resolution entered of record, authorized said appellant attorneys to represent it in presenting the appeal.

If we assume, without deciding, that the question of the reasonable value of the services rendered was a matter for inquiry by the court, the same is clearly shown by the record to be the amounts asked by the appellants.

We have considered every proposition urged by the parties

in support of their respective contentions, and upon the whole case, find for the appellants and against the appellees. The judgment of the trial court is hereby reversed.—*Reversed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.