GRACE L. SMITH, Appellee, v. SCHOOL DISTRICT TOWNSHIP of Grove, Appellant.

No. 41687.

SEPTEMBER 26, 1933.

Musmaker & Musmaker, for appellant.

Carl P. Knox, for appellee.

DONEGAN, J.—At the time involved in this action, the school district township of Grove, in Adair county, Iowa, was divided into nine subdistricts. Walter Lahey was the director of subdistrict No. 6, and Herbert Stowell was the president and Edward L. Bohan was the secretary of the school district township. On August 25, 1930, Grace L. Smith, who held a teacher's certificate authorizing her to teach school, signed a contract to teach the school in subdistrict No. 6. This contract was also signed by Walter Lahey, director of the subdistrict, and was left with him. He later took the contract to Herbert Stowell, the president of the board, by whom it was signed, and then filed with the secretary. Under this contract, Grace L. Smith was employed to teach the school in question for a term of ten weeks at a salary of $80 per school month. The term for which she was thus employed expired on or shortly prior to the 10th day of November, 1930. Grace L. Smith entered upon her employment and continued to teach said school during the full term

for which she had been employed. On the 6th day of November, 1930, Grace L. Smith signed a new contract, covering her employment to teach the school in said subdistrict No. 6, for a term of twenty-six weeks, commencing on the 10th day of November, 1930. This contract was signed by Grace L. Smith and by Walter Lahey, director. About the 21st day of November, 1930, this contract was left by Miss Smith at the home of Edward L. Bohan, secretary of the school district township, and placed in his files as such secretary. At the same time a check for $80, covering her salary for the last two weeks of the ten weeks term which she had completed and for the first two weeks of the term for which she was employed under the new contract, was delivered to Miss Smith. Miss Smith continued teaching the school until about December 27, 1930, and on that date was paid for her services to that time.

It appears that some time subsequent to November 21, 1930, some trouble arose between Miss Smith and Walter Lahey, the director of school district No. 6, in reference to one of his children; but the court below held that whatever such trouble there may have been was immaterial in the trial of this case, and refused to accept evidence in regard thereto.

On December 26, 1930, a meeting of the school board was held and a motion passed by the board dismissing Miss Smith, and providing that "if she teaches any more in said school for balance of school year she shall be going contrary to the wishes of the school board and shall receive no pay for teaching the said school from us on this 26th day of December, 1930." At the same meeting, a motion was also passed to employ another teacher for the school in question, which was done, and Miss Smith was not allowed to and did not teach in said school after the date of said meeting.

Thereafter, on June 11, 1931, subsequent to the ending of the term for which she had been employed, Grace L. Smith commenced this action. In her amended and substituted petition she alleged the signing of said contract for the school term of twenty-six weeks by herself and Walter Lahey, director of said subdistrict No. 6; that said contract was thereafter filed with the secretary of the defendant school district township; that the defendant accepted said contract and accepted the services of said plaintiff under and by virtue of the terms of said contract, and that the plaintiff taught said school from November 15, 1930, to about December 27, 1930, and defendant paid plaintiff under the terms of said written con-

tract; that about December 27, 1930, defendant arbitrarily dismissed plaintiff and locked the schoolhouse against her without first having complied with section 4237 of the Code of Iowa; that plaintiff appeared at said school building and offered to carry out her written contract, but that defendant refused to allow her to do so; that by reason of the facts alleged defendant is estopped from denying the validity of said contract; that plaintiff has been unable to secure any other work or employment during said time; and that she is entitled to the sum of $400, being her wages at the rate of $80 per month for five months. Defendant filed a demurrer, which was overruled by the court, and thereafter filed an answer consisting of a general denial. Trial was had to the court without a jury. The court found that, notwithstanding the fact that the contract was not signed by the president of the school board, the school district had ratified same by its conduct because, with knowledge of said contract and the terms thereof, the plaintiff had been allowed to continue teaching said school for a period of six weeks, and had been paid for such services. The court entered judgment for the plaintiff for the full amount claimed. From this judgment the defendant appeals.

Appellant contends that, because the contract for the term of twenty-six weeks was not signed by the president of the school board, as provided in section 4229 of the Code, it is of no validity, and appellee cannot base any recovery thereon. Appellee, on the other hand, contends that by its conduct the appellant ratified said contract and is estopped to deny the same, and that the appellant had no power to discharge appellee without a hearing and notice to appellee, as provided in section 4237 of the Code. It appears in the evidence that appellee's first contract for the ten weeks term had been signed by the subdistrict director and left with him; that she entered upon her duties as teacher of said subdistrict before the signature of the president of the board had been attached thereto; and that such contract was later presented to the president by the subdistrict director and his signature then placed thereon. It further appeared that, while there was no formal action of the board authorizing the subdistrict directors to employ teachers in their respective subdistricts, this practice had been generally followed; that the contract for each subdistrict was made by the teacher with the subdirector, and either the subdirector or the teacher would then have the contract signed by the president and filed with the secre-

tary; that the president of the board knew of such contract and stated that he would have signed it if it had been presented to him; that the school board, through its officers, had knowledge that the appellee was teaching the school in subdistrict No. 6 without the contract for the term which she was teaching having been signed by the president; and that, with such knowledge, it accepted the services of the appellee and paid for same for a period of approximately six weeks. The lower court found that these facts and conduct on the part of the appellant constituted a ratification of the contract, and with this finding of the lower court we agree.

Appellant cites and places great stress upon the case of Hoffa v. Saupe, 199 Iowa 515, 202 N. W. 234. That case, however, was an action for mandamus to compel the defendant, Saupe, as president of the board, to sign a contract between the plaintiff-teacher and the subdirector. It appeared without dispute that, prior to the making of the contract between the teacher and the subdirector, the board, instead of authorizing the subdirector to employ a teacher, had explicitly told him that the plaintiff should not be employed by him, and that, notwithstanding this, the subdirector had proceeded to employ the teacher under the contract to which it was sought to enforce the president's signature. The district court refused the mandamus and this court sustained its holding. In doing so, we expressly stated that there was no claim made that the defendant had ratified the contract between the director and the teacher. That case is, therefore, no authority whatever in support of the contention of the appellant. Other cases cited by appellant are likewise not applicable to the question of ratification involved herein.

The question with which we are here concerned is whether a contract between a teacher and a subdirector, which has not been signed by the president of the board, will be binding upon the board because of acts amounting to ratification. Appellee cites the rule stated in Voorhees on the Law of Public Schools, section 64, pp. 144 and 145, to the effect that an invalid contract of employment of a school teacher may be ratified by the knowledge and conduct of the school directors. In support of this rule certain Arkansas cases are also cited. In 56 C. J. 394, it is said:

"A teacher's contract unenforceable because of lack of authority or regularity in the making of it will become binding if ratified by those having authority to do so, either expressly or by acts recog-

nizing the appointment, as by partly performing the contract, or by disapproving or approving the teacher's work, or by making payments for services thereunder; or by concurring or acquiescing therein; or by accepting benefits thereunder."

In Cook v. Independent School District of North McGregor, 40 Iowa 444, the plaintiff had been employed by the school district as principal of its school for a term of nine months. The contract was oral, but the minutes of the school board contained a record showing that it had been unanimously voted to employ the plaintiff as principal at the salary of $900 for the usual school term of nine months. Under the law then in force, all contracts with teachers were required to be in writing. The plaintiff entered upon the contract and taught for seven months, for which he was paid, and was then discharged. Plaintiff sued for his salary for the balance of the term. Defendant demurred to the petition because the alleged contract was verbal and the plaintiff had been fully paid for services actually rendered. The lower court sustained the demurrer. In reversing the case, this court said:

"Our statute provides that 'all contracts with teachers shall be in writing, specifying the length of time the school is to be taught in weeks; and such other matters as may be agreed upon; and shall be signed by the sub-director and teacher, and be approved and filed with the president, before the teacher enters upon the discharge of his duties.' Section 51, School Laws of 1872. The power to ratify a contract which failed to conform to the provisions of this section, was affirmed in the case of Athearn v. Independent School District of Millersburg, 33 Iowa 105. And it was there also held, that the section applied to independent districts as well as to district townships. In that case the contract in controversy was not made according to the above quoted section, for that it was not made with the Board of Directors, but was in writing, and signed by the members individually at their several homes, and not as a Board. For that reason the contract itself was conceded to have no force; and it was held that although it was executed without authority upon the part of defendant's officers, and was therefore invalid, yet it could be, and was ratified by the acceptance of a part performance."

The case of Athearn v. Independent School District of Millersburg, 33 Iowa 105, referred to in the Cook case, supra, was a suit

for breach of the contract. In that case a written contract had been entered into. Defendant, however, contended that this contract had not beeri signed by the board of directors as required by law. In support of this contention, the defendant offered to prove both by its records and by oral testimony that there was no record of any action of the board of directors authorizing the execution of the contract by the directors, or ratifying it after it was executed; that there had been no meeting of the board of directors at the time the contract was executed; and that the contract was in fact separately signed by the several·officers of defendant at their different places of business, and not as the result of any authorized action taken by the board as such. The plaintiff alleged, and the evidence showed, that the plaintiff had been paid for the time which he actually taught under the contract, and contended that this amounted to a ratification which bound the defendant under the contract. In holding that the contract had been ratified, this court said:

"But if we concede that the contract was executed without authority upon the part of defendant's officers, it has, nevertheless, been ratified by defendant, and, thereby, became a binding instrument. Corporations may ratify contracts made without their authority,.and thus become bound thereby, like natural persons; the same rule of law being applicable to each. This is a doctrine so familiar, that the citation of any of the numerous authorities supporting it is unnecessary.

"Performance of a contract, permission to the party with whom the corporation contracts to perform, the acceptance of the performance or of the fruits of the performance by the corporation, acquiescence in the contract, payment to the other party and the like, all operate as acts of ratification. [Cases cited.]

"The facts of the case bring it within the foregoing rules and compel us to hold, that defendant's acts in permitting plaintiff to perform, partly, his contract, and in paying him for his services rendered under the contract, as well as the acquiescence of defendant's board of directors in the contract, with knowledge thereof, and failure to dissent thereto, amount to a ratification whereby defendant became bound upon the contract."

See, also, Bellows v. District Township of West Fork, 70 Iowa 321, 30 N. W. 582.

In this case the trial court held that the contract had been ratified by the school district township. In our opinion, there was ample evidence upon which to base such ratification. The contract made between the appellee and the subdistrict director, Lahey, having been ratified by the school board, constituted a valid contract of employment for the full term of twenty-six weeks. By discharging the appellee without complying with the provisions of section 4237 of the Code, the appellant was guilty of a breach of such contract. Under the evidence in this case and well-recognized rules of law, the appellant is liable not only for the services actually performed, but for the services which appellee was able and willing to perform, but was prevented from performing during the balance of the term of the contract.

The judgment of the district court will be, and hereby is, affirmed.

ALBERT, C. J., and EVANS, KINDIG, and CLAUSSEN, JJ., concur.